**Nos. 21-50259, 21-50261**

# United States Court of Appeals
## FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
PLAINTIFF-APPELLEE

*v.*

JUAN CABRERA,
DEFENDANT-APPELLANT

*On Appeal from the United States District Court
for the Southern District of California
20CR435-LAB; 15CR353-LAB*

**SUPPLEMENTAL EXCERPTS OF RECORD**

RANDY S. GROSSMAN
*United States Attorney*

DANIEL E. ZIPP
*Assistant U.S. Attorney
Chief, Appellate Section
Criminal Division*

ZACHARY J. HOWE
*Assistant U.S. Attorney*

*880 Front St., Rm. 6293
San Diego, CA 92101
(619) 546-8693*

**TABLE OF CONTENTS**

Page

Indictment (20CR453-LAB)
02/06/2020 (R 1)....................................................................3

Excerpts of Transcript of Jury Trial – Day 2 (20CR453-LAB)
06/09/2021(R 104)................................................................5

Petition for Warrant or Summons for Offender Under
Supervision (15CR0353-LAB)
11/25/2019 (R 51) ...............................................................7

Notice of Appeal (15CR0353-LAB)
11/16/2021 (R 86)..............................................................12

Reporter's Transcript of Proceedings (15CR353-LAB)
01/29/2018 (R 47)..............................................................14

2020 FEB -5  A. H: 26

882

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

January 2019 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. **20 CR - 435 L** |
| Plaintiff, | I N D I C T M E N T |
| v. | Title 8, U.S.C., Sec. 1325(a)(1) - Attempted Unlawful Entry by an Alien (Felony); Title 8, U.S.C., Sec. 1326(a) and (b) - Attempted Reentry of Removed Alien |
| JUAN CARLOS CABRERA, | |
| Defendant. | |

The grand jury charges:

### Count 1

On or about November 4, 2019, within the Southern District of California, defendant JUAN CARLOS CABRERA, an alien, knowingly and intentionally attempted to enter the United States of America with the purpose, i.e., conscious desire, to enter the United States at a time and place other than as designated by immigration officers, and committed an overt act, to wit, crossing the border from Mexico into the United States, that was a substantial step towards committing the offense, having previously committed the offense of illegal entry, as evidenced by his/her conviction for violation of Title 8, United States Code, Section 1325; all in violation of Title 8, United States Code, Section 1325(a)(1), a felony.

BLH:cms:San Diego:2/5/20

SER-003

1
                          Count 2

2     On or about November 4, 2019, within the Southern District of

3 California, defendant JUAN CARLOS CABRERA, an alien, knowingly and

4 intentionally attempted to enter the United States of America with the

5 purpose, i.e., conscious desire, to enter the United States without the

6 express consent of the Attorney General of the United States and his/her

7 designated successor, the Secretary of the Department of Homeland

8 Security, after having been previously excluded, deported and removed

9 from the United States, and not having obtained said express consent to

10 reapply for admission thereto; and committed an overt act to wit,

11 crossing the border into the United States, that was a substantial step

12 toward committing the offense, all in violation of Title 8, United States

13 Code, Section 1326(a) and (b).

14     It is further alleged that defendant JUAN CARLOS CABRERA was removed

15 from the United States subsequent to December 18, 2015.

16     DATED: February 6, 2020.

17                                  A TRUE BILL:

18

19                                  Foreperson

20 ROBERT S. BREWER, JR.
United States Attorney

21

22 By:

23     BRIAN L. HAZEN
    Assistant U.S. Attorney

24

25

26

27

28

```
 1                    UNITED STATES DISTRICT COURT

 2                FOR THE SOUTHERN DISTRICT OF CALIFORNIA

 3

 4   UNITED STATES OF AMERICA,            )
                                          )
 5         Plaintiff,                     )  No. 20-CR-435-LAB
                                          )
 6             v.                         )
                                          )  June 9, 2021
 7   JUAN CARLOS CABRERA,                 )
                                          )  9:00 a.m.
 8         Defendant.                     )
     _____   )  San Diego, California
 9

10                   TRANSCRIPT OF JURY TRIAL - DAY 2
                   BEFORE THE HONORABLE LARRY ALAN BURNS
11                      UNITED STATES DISTRICT JUDGE

12   APPEARANCES:

13   For the Plaintiff:      UNITED STATES ATTORNEYS OFFICE
                             By:  COLIN MCDONALD, ESQ.
14                                AMANDA MUSKAT, ESQ.
                             880 Front Street
15                           San Diego, California  92101

16   For the Defendant:      FEDERAL DEFENDERS OF SAN DIEGO, INC.
                             By:  BENJAMIN P. DAVIS, ESQ.
17                                SALIL DUDANI, ESQ.
                             225 Broadway
18                           San Diego, California  92101

19

20   Court Reporter:         CYNTHIA R. OTT, RDR, CRR
                             District Court Clerk's Office
21                           West Broadway, Suite 420
                             San Diego, California, 92101
22                           cynthia_ott@casd.uscourts.gov

23

24
     Reported by Stenotype, Transcribed by Computer
25
```

1    wants to take his or her mask off may do so.

2         We worked on the instructions.  We have a settled set

3    of instructions.  To remind you, I'm going to read instructions

4    to you.

5         I'm required to do that.  You might think, well, wait

6    a minute, he's supposed to make efficient use of our time.

7    He's giving us these.  We can read them.  Why is he reading

8    them.

9         I'm required to read them in open court.  It's one of

10   the rules and I think it reflects the centrality of both the

11   instructions and your findings of fact in the process of

12   reaching a verdict.  I think that's why they want me to read

13   them to you.

14        But it doesn't take very long and what I'll do is I'll

15   read you all but the last five which have to do with the

16   deliberation process, let the lawyers sum up their cases to

17   you, and sandwich that in-between the reading of the last

18   instructions.  And then as I mentioned, this copy of the

19   instructions will go with you into the jury room along with all

20   the other evidence that's been received in this case.

21        Members of the Jury, now that you've heard all the

22   evidence, it's my duty to instruct you on the law that applies.

23   It's your duty as jurors to weigh and evaluate all the evidence

24   that's been received in this case and in that process to decide

25   what the facts are.

PROB 12C(D)
(05/17)

November 15, 2019
pacts id: 1118341

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Juan Carlos Cabrera (Spanish)          **Dkt No.:** 15CR00353-001-L

**Reg. No.:** 26618-038

**Name of Sentencing Judicial Officer:** The Honorable M. James Lorenz, Senior U.S. District Judge

**Original Offense:** 8 U.S.C. § 1326(a) and (b),  Removed Alien Found in the United States, a Class C felony

**Date of Revocation Sentence:** January 29, 2018

**Sentence:** Time served;  2 years' supervised release. *(Special Conditions: If deported, excluded, or allowed to voluntarily return to the country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion, or voluntary departure.)*

**Type of Supervision:** Supervised Release          **Date Supervision Commenced:** January 29, 2018

**Asst. U.S. Atty.:**  Christopher M. Alexander          **Defense Counsel:**     Benjamin P. Davis, Fed. Defs., Inc.
(Appointed)
(619) 234-8467

**Prior Violation History:** Yes.  See prior court correspondence.

---

## PETITIONING THE COURT

**TO ISSUE A NO-BAIL BENCH WARRANT**

PROB 12C(D)
Defendant: Juan Carlos Cabrera
Docket No.: 15CR00353-001-L

November 15, 2019
Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)**<br>Not commit another federal, state, or local crime. *(nvl)* | 1. On or about November 4, 2019, Mr. Cabrera, a previously deported or removed alien, attempted to enter the United States illegally, the conduct of which is in violation of 8 U.S.C. § 1326, as evidenced by the complaint filed in the US. District Court, Southern District of California, Docket No.: 19MJ04902-001-AHG.<br><br>2. On or about November 4, 2019, Mr. Cabrera, illegally reentered or attempted to reenter the United States, the conduct of which is in violation of 8 U.S.C. § 1325, as evidenced by the complaint filed in the US. District Court, Southern District of California, Docket No: 19MJ04902-001-AHG. |

**Grounds for Revocation:** As to allegations 1 and 2, I received and reviewed the complaint filed in the U.S. District Court, Southern District of California, Docket No.: 19MJ04902-001-AHG, which confirm the following: On November 4, 2019, a U.S. Border Patrol Agent was conducting his assigned duties in the Imperial Beach Border Patrol station's area of responsibility. The agent was notified by the Remote Video Surveillance system operators, of one individual walking in between the United States/Mexico International Boundary fence and the secondary fence. The agent responded to the area and approached an individual, who was later identified as Mr. Cabrera. Mr. Cabrera stated he is a citizen of El Salvador without immigration documents allowing him to enter or remain in the United States legally, and he was placed under arrest.

Records revealed that the offender was previously deported from the United States to El Salvador on April 4, 2018, through Phoenix, Arizona.

As indicated in the probable cause statement in support of the complaint, the offender had not applied for nor had received permission from the Attorney General of the United States or the Secretary of the Department of Homeland Security, to lawfully enter the United States subsequent to removal.

On November 4, 2019, a complaint was filed in U.S. District Court, Southern District of California, Docket No.: 19MJ04902-001-AHG charging Mr. Cabrera with violation of 8 U.S.C. § 1326, Attempted Entry After Deportation. Mr. Cabrera is scheduled for a preliminary hearing in Docket No.: 19MJ04902-001-AHG before the Honorable Magistrate Judge Allison H. Goddard, on December 3, 2019.

**U.S. Probation Officer Recommendation:** If found in violation, that supervised release be revoked and the offender be sentenced to 12 months' custody with no supervised release to follow, consecutive to any sentence he may be serving, pursuant to USSG §7B1.3(f), p.s. (An Expanded Violation Worksheet, 12CW(d), has been attached for the Court's review.)

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on: November 15, 2019

Respectfully submitted:
DAVID J. SULTZBAUGH
CHIEF PROBATION OFFICER

by _____
Regan Gomes-Figueira
U.S. Probation Officer
(619) 557-6459

Reviewed and approved:

_____
Christopher J. Marco
Supervisory U.S. Probation Officer

PROB 12CW(D)

November 15, 2019

## EXPANDED VIOLATION WORKSHEET

1. **Defendant:** Cabrera, Juan Carlos

2. **Docket No.** (*Year-Sequence-Defendant No.*): 15CR00353-001-L

3. **List Each Violation and Determine the Applicable Grade** (*See USSG § 7B1.1*):

| Violation(s) | Grade |
|---|---|
| Attempted Reentry Subsequent to Deportation | B |
| Illegal Entry/Attempted Reentry | C |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

4. **Most Serious Grade of Violation** (*See USSG § 7B1.1(b)*) [ B ]

5. **Criminal History Category** (*See USSG § 7B1.4(a)*) [ II ]

6. **Statutory Maximum Term** (*Custody*) (*See 18 U.S.C. § 3583(e)(3)*)
Upon finding of a violation, the court may modify the conditions of supervision; extend the term if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. If the court revokes supervised release, the maximum term of imprisonment upon revocation is: [ 24 months ]

7. **Range of Imprisonment** (*Custody*) (*See USSG § 7B1.4(a)*)
A Grade B violation with a Criminal History Category II establishes an imprisonment range of: [ 6-12 months ]

8. **Statutory Maximum Term** (*Supervised Release*) (*See 18 U.S.C. § 3583(b)*)

If supervised release is revoked and a term of imprisonment is imposed that is less than the maximum term of imprisonment imposable upon revocation, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment upon revocation. In this case, the court has the authority to reimpose a term of: [ 31 months, 20 days ]

PROB 12C(D)

Defendant: Juan Carlos Cabrera

Docket No.: 15CR00353-001-L

November 15, 2019

Page 5

9.  **Recommendation:** [ 12 months' custody, consecutive to any other sentence being served.
    *See USSG § 7B1.3(f)*- w/ no supervised release to follow ]

**THE COURT ORDERS:**

__X__ A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

(Currently detained at Otay Mesa Detention Center under Registration No. **26618-038**)

_____ Other _____

The Honorable M. James Lorenz

Senior U.S. District Judge

Date  11/22/19

**Benjamin P. Davis**
California Bar No. 275918
**Federal Defenders of San Diego, Inc.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
benjamin_davis@fd.org
_____Retained   __X__   Appointed

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Trial Judge: Honorable Larry A. Burns      Court Reporter: Cynthia Ott

| | |
|---|---|
| **United States of America,** ) | <u>Case No.</u>:  15CR00353-LAB |
| ) | |
| (Appellee) Plaintiff, ) | |
| ) | **Notice of Appeal (Criminal)** |
| vs. ) | |
| ) | |
| **Juan Carlos Cabrera,** ) | |
| ) | |
| (Appellant) Defendant. ) | |
| _____ ) | |

Notice is hereby given that **<u>Juan Carlos Cabrera</u>**, Appellant-Defendant above-named, hereby appeals to the United States Court of Appeals for the Ninth Circuit from the

( **x** ) final judgment (F. R. Crim. P. 32(b))

(  ) sentence only (18 U.S.C. § 3742) Sentence imposed _____.

(  ) order (describe):

the last of which was entered in this proceeding on the <u>15th</u> day of <u>November</u> 2021.

If government appeal: Was the filing of this appeal approved in accordance with 18 U.S.C. § 3742(b)(4)? ____Yes_____ No

<u>Dated</u>: November 16, 2021                    ***s/ Benjamin P. Davis***_____
                                                                        Signature*

Transcripts Required**__x__Yes ____No     Date Ordered or to be ordered: <u>11/19/2021</u>

Date   ( ) Indictment   ( x ) Information     Filed <u>02/12/2015</u>

Bail Status ____<u>in custody</u>____

Will there be a request to expedite the appeal and set a schedule faster than that normally set?
____Yes__x__No  (Note: This does not alleviate requirement of <u>FRAP 27-12</u> a motion to expedite which must be done in accordance with FRAP 27).

_____

 *Pursuant to Fed. R. Crim. P. 32(a)(2) the defendant may request the clerk to prepare and file the Notice of Appeal.

**If transcript required, transcript order form (CA9-036 must be completed and court reporter contacted to make arrangements for transcription.

Pages 1 - 10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Before The Honorable M. James Lorenz, Judge

```
UNITED STATES OF AMERICA,     )
                              )
          Plaintiff,          )
                              )
    VS.                       )        NO. 15-CR-00353-LAB
                              )
JUAN CARLOS CABRERA,          )
                              )
          Defendant.          )
_____)
```

San Diego, California
Monday, January 29, 2018

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:

      ALANA W. ROBINSON
      Acting United States Attorney
      880 Front Street, Room 6293
      San Diego, California 92101
  BY: **CHRISTOPHER MICHAEL ALEXANDER, ESQ.**
      **ASSISTANT UNITED STATES ATTORNEY**

For Defendant:

      FEDERAL DEFENDERS OF SAN DIEGO, INC.
      225 Broadway, Suite 900
      San Diego, California 92101
  BY: **BENJAMIN P. DAVIS, ESQ.**
      **ASSISTANT FEDERAL PUBLIC DEFENDER**

Court Interpreter:   Paula Navarro-Gomez

Reported By:   James C. Pence-Aviles, RMR, CRR, CSR No. 13059
      Official Court Reporter

| | |
|---|---|
| 1 | <u>**Monday - January 29, 2018**</u>                                    <u>**11:12 a.m.**</u> |
| 2 | P R O C E E D I N G S |
| 3 | ---o0o--- |
| 4 | **THE CLERK:**  Calling Matter Numbers -- Number 6 on |
| 5 | calendar, please. |
| 6 | Matter Number 6, Case Number 15-CR-0353, United States of |
| 7 | America versus Juan Carlos Cabrera, on for revocation. |
| 8 | **MR. DAVIS:**  Good morning, Your Honor.  Ben Davis, |
| 9 | Federal Defenders, on behalf of Mr. Cabrera. |
| 10 | **MR. ALEXANDER:**  And good morning, Your Honor. |
| 11 | Christopher Alexander for the United States. |
| 12 | **THE COURT:**  Good morning. |
| 13 | This is Number 6? |
| 14 | **THE CLERK:**  Yes. |
| 15 | **THE COURT:**  Yeah.  Okay. |
| 16 | **MR. DAVIS:**  And, Your Honor, just to give the Court |
| 17 | some background on this case, this case -- Mr. Cabrera had a |
| 18 | new case before Judge Curiel, and he pleaded guilty on Thursday |
| 19 | to a misdemeanor and so -- and was sentenced in that case. |
| 20 | And so we're going to be asking the Court to amend the |
| 21 | petition to allege a Grade -- a misdemeanor rather than a |
| 22 | felony violation. |
| 23 | **THE COURT:**  Okay.  That is -- well, it was originally |
| 24 | a 1326? |
| 25 | **MR. DAVIS:**  That's correct, Your Honor. |

1       **THE COURT:**  And he received time served?

2       **MR. DAVIS:**  Yes, Your Honor, nearly -- nearly five --

3   almost six months.  I think he had been in custody for about

4   five and a half months.  He was arrested on the new case on

5   October -- on August the 10th.  So it will be five -- it will

6   be six months in a week or two.

7       And for the record, Your Honor, Mr. Cabrera is present.

8   He's before the Court in custody.  He's being assisted by the

9   Spanish-language interpreter.

10      **THE COURT:**  All right.  Then everybody agrees?  The

11  Government, Probation --

12      **MR. ALEXANDER:**  Yes.

13      **THE COURT:**  -- agrees that this should be amended to a

14  misdemeanor?

15      **MR. ALEXANDER:**  Yes.

16      **THE COURT:**  Yeah.

17      Okay.  What's the guideline range for a misdemeanor?

18      **MR. DAVIS:**  Your Honor, I have him in Category II,

19  based on the previous case.  The PSR in his previous case puts

20  him in Category II.

21      So it would be a Grade C, Category II, guideline range of

22  four to ten months.

23      **MR. ALEXANDER:**  And, Your Honor, the United States is

24  in agreement on that.

25      **THE COURT:**  Okay.  And he's -- you say he's been in

1   custody six months about?

2           **MR. DAVIS:**  Coming up on six.  I think it's five and a

3   half.

4           **THE COURT:**  Okay.  What do you have to say on his

5   behalf?

6           **MR. DAVIS:**  Your Honor, I'm asking the Court to impose

7   a sentence of time served for the violation.  I can give some

8   background of Mr. -- about Mr. Cabrera and also what I've

9   advised him going forward.

10      The reason that we obtained the misdemeanor resolution of

11  this case was because we filed a 1326(d) motion, and the

12  parties -- the parties resolved it with a misdemeanor.

13      It's my expectation that -- you know, he'll certainly be

14  deported again to El Salvador, which is where he's from.  It's

15  my expectation that he'll likely have a fresh deportation that

16  will not have the problems that we identified in the previous

17  deportation.

18      And I've advised him that I don't expect that there

19  will -- that he will be able to ever get this resolution again.

20  And even if there is no new deportation, of course, the next

21  time, he'll be facing a 1325 felony case.

22      And so he's looking at a Grade -- you know, I expect that

23  he would get the two years on the felony at least, or at least

24  the Government would seek it.

25      Mr. Cabrera is from El Salvador, Your Honor.  He has lived

1   here in the United States for a long time, in Boston.  That's

2   where all of his -- his family is.  His wife and his daughter

3   are both in Boston.  They're both United States citizens.

4        It's been hard for him in El Salvador.  As the Court

5   knows, El Salvador is a very dangerous place right now.  He's

6   been struggling there, and so he was trying -- he was trying to

7   come back to be with the community and the family.  He's part

8   of the Salvadoran community in Boston.

9        So I can tell the Court, Your Honor, that I've told him

10  that -- in no uncertain terms that this is the last time he

11  would -- will ever face any kind of a resolution in this way.

12       He's told me, Your Honor, that he has a plan going

13  forward.  He doesn't think that El Salvador is a place that he

14  can be, just given his background.  I don't know if the Court

15  remembers from the original sentencing, but he was recruited at

16  a young age to participate in the civil war in the 1980's.

17  That's a very, very dangerous thing for him to have on his

18  record.

19       But he has friends and family in Michoacán in Mexico.

20  There's a ranch there that he believes he can work on, people

21  he knows there.  It's closer.  He hopes that his daughter can

22  come visit him there.

23       But that's sort of the solution that he's come up with.

24  He can't be -- it's too dangerous for him in El Salvador.  He

25  simply can't come to the United States because he doesn't have

1  permission, and he won't get it again, in my opinion.

2      And I think -- I've given him very strong advice about the

3  likelihood of the amount of time that I think he faces if he --

4  if he should return, and I think he's taken it to heart.  So

5  he's committed to being in Michoacán going forward.

6      So I'd ask the Court to impose a sentence of time served.

7  I'm happy to answer any questions, if the Court likes.

8          **THE COURT:**  I -- I -- thank you.

9      I've got to have myself -- I need to take his admission.

10          **MR. DAVIS:**  Oh, yes.

11          **THE CLERK:**  Sir --

12          **THE COURT:**  I'll remember what you said.

13          **MR. DAVIS:**  All right.

14          **THE CLERK:**  Sir, will you please raise your right

15  hand.

16      Do you solemnly swear or affirm that the evidence you

17  shall give in the cause now before the Court shall be the

18  truth, the whole truth, and nothing but the truth?

19          **THE DEFENDANT:**  Yes.

20          **THE CLERK:**  Thank you.  You may lower your hand.

21      Juan Carlos Cabrera, do you now desire to withdraw your

22  formal denial that you violated the conditions of your

23  supervised release and wish to admit to Allegation Number 1?

24      Allegation Number 1 states on August 10th, 2017, you, a

25  previously deported or removed alien, was found in the

 1   United States illegally, the conduct of which is in violation
 2   of 8, U.S.C., Section 1326, as evidenced by the complaint filed
 3   in the U.S. District Court, Southern District of California,
 4   Docket Number 17-MJ-02817-001-JMA.
 5              **MR. DAVIS:**  And, Your Honor --
 6              **THE CLERK:**  Do you admit or deny --
 7              **MR. DAVIS:**  -- I'm sorry to interrupt, but he's not
 8   prepared to admit that he committed a new violation of 1326.
 9   He's prepared to admit that he committed a violation of 1325,
10   which is a misdemeanor.
11              **THE COURT:**  That's right.  We'll have to amend the --
12   we have to amend it to -- to what it was that he pled to.
13   So -- which is a 1325.
14              **MR. DAVIS:**  Correct, Your Honor, a misdemeanor
15   violation of 1325.
16              **THE COURT:**  All right.  With that being said, the
17   violation is 1325, rather than 1326.  It should be
18   interlineated.
19        Okay.  And he admitted, did he?
20              **THE DEFENDANT:**  Yes.
21              **THE COURT:**  Okay.  Based on your admission to the 1325
22   misdemeanor, I find you are in violation and -- and revoke
23   supervised release.
24        I have heard, Counsel, your -- your comments and your
25   admission to Mr. Cabrera that, you know, if he comes back, it's

1  going to be far more serious, and I agree.

2      The question is, based on the plea of the 1325, was he

3  placed on supervised release?

4        **MR. DAVIS:**  No.

5        **THE COURT:**  Okay.

6        **MR. DAVIS:**  I think, if the Court thinks that more

7  supervised release is appropriate, the Court can reimpose it in

8  this case.

9        **THE COURT:**  Yeah.  I understand.

10      Okay.  Before I do that, let me ask the defendant whether

11  he has anything he wants to say.

12        **THE DEFENDANT:**  Just -- yes.

13      I would just like to apologize for coming in illegally to

14  your country, but my plans are to live in -- in Michoacán,

15  where I do have relatives, where I can stay.

16      And that's it.

17        **THE COURT:**  Okay.  The Government?

18        **MR. ALEXANDER:**  Your Honor, the only thing I would add

19  is that the defendant did stay out of the country for a period

20  of time, and supervision commenced in January of 2016.  His

21  arrest on this offense conduct was August of 2017.  So he had

22  been out for a year and seven months but elected to return to

23  the United States.

24      Regarding the prior case, the offer that was associated

25  with that case would have provided a guideline range of 10 to

1   16 months in custody.  So when reviewing a possible resolution

2   of this case, rather than bringing new charges, in the event

3   that a deport challenge was successful, we elected to resolve

4   the matter in a manner that was consistent with what sentencing

5   level that he would have received anyway.

6          Ultimately, regarding this case, our position is that we

7   don't know that additional time would be necessary.  But as the

8   Court inquired, we do feel that a term of supervised release

9   would be appropriate here.  It would provide some deterrent to

10  the defendant coming back into the United States, in the event

11  that, you know, what has been represented today was not true,

12  that -- if he actually did come back and commit a new crime.

13         So that's the United States's position regarding what to

14  do with this defendant.

15         **THE COURT:**  All right.  Thank you.

16         All right.  This is, based on the change to 1325, a

17  Grade C violation, Category II, four to ten months.  He's

18  apparently coming up on six months already.  He was given time

19  served in the underlying case.

20         I'm going to give him time served in this case also, but

21  I'm going to place him on two years' supervised release under

22  the same conditions as previously imposed, which is, I believe,

23  he's not to -- he's not to commit any laws [sic] nor enter the

24  United States.  And if he did -- if he does so, he has to

25  report to Probation within 24 hours, and supervision is waived

1    if he's deported or granted voluntary release.

2         And I do understand, in -- in El Salvador, that there is

3    this terrible violence that's going on.  So,

4    Mr. Carlos Cabrera, you have to find a way to live down there

5    and avoid that -- that violence.

6         I don't envy you, but you can't come back because you're

7    just going to be spending considerable time in custody.  You'll

8    have the underlying offense, and you'll have the violation of

9    this supervised release that I've just given you.  So I think

10   that's sufficient.

11        So with that, the time served should allow you to be

12   released and probably go through the more formal proceedings to

13   avoid the 1326(d) problem that apparently existed.  So that

14   should be the order.

15        Okay.  Thank you.

16        **MR. DAVIS:**  Thank you, Your Honor.

17             (Proceedings adjourned at 11:24 a.m.)

18

19

20

21

22

23

24

25

1

2

3                            **CERTIFICATE OF REPORTER**

4            I certify that the foregoing is a correct transcript

5       from the record of proceedings in the above-entitled matter.

6

7       DATE:   Wednesday, December 14, 2022

8

9

10

11                    _____ /S/ James C. Pence-Aviles _____

12            James C. Pence-Aviles, RMR, CRR, CSR No. 13059
                              U.S. Court Reporter
13

14

15

16

17

18

19

20

21

22

23

24

25